

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

———————————————

No. 08-26-00108-CV

———————————————

In re A.R.M.

## AN ORIGINAL PROCEEDING IN MANDAMUS

## MEMORANDUM OPINION

Relator has filed a petition for writ of mandamus asking this Court to direct the trial court to vacate various orders allegedly entered in both a suit affecting the parent-child relationship and in a suit for dissolution of marriage. Relator also filed an emergency motion requesting a stay of all "challenged orders" pending the resolution of this mandamus petition. For the following reasons, we deny Relator's petition and dismiss as moot the motion to stay.

To obtain mandamus relief, a relator must satisfy both procedural and substantive requirements. The relator bears the burden of providing the Court with a proper petition supported by a sufficient mandamus record. *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding); Tex. R. App. P. 52.3 (setting forth the required form and content of the petition); Tex. R. App. P. 52.7 (establishing the mandamus record requirements). Substantively, the relator

also bears the burden to establish that the trial court clearly abused its discretion and that the relator has no adequate remedy by appeal. *See In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re UpCurve Energy Partners, LLC*, 632 S.W.3d 254, 256 (Tex. App.—El Paso 2021, orig. proceeding).

Here, Relator's petition does not comply with the Texas Rules of Appellate Procedure. Specifically, the petition does not include: (1) a table of contents; (2) an index of authorities; (3) a statement of the case providing "a concise description of the nature of any underlying proceeding," and "a concise description of the respondent's action from which the relator seeks relief"; and (4) a certification stating that Relator has reviewed the petition and "concluded that every factual statement in the petition is supported by competent evidence included in the appendix or record." Tex. R. App. P. 52.3(b), (c), (d), (j). Relator also failed to provide citation to legal authority in the argument section of her petition. *See* Tex. R. App. P. 52.3(h). And, although Relator filed an appendix and a mandamus record, the documents are neither certified nor sworn. Tex. R. App. P. 52.3(k)(1)(B); Tex. R. App. P. 52.7(a)(1). These defects alone provide grounds for denying the petition. *See In re XPO Logistics Freight, Inc.*, No. 08-25-00184-CV, 2025 WL 2005016, at *1 (Tex. App.—El Paso July 17, 2025, orig. proceeding) (mem. op.); *In re KVIA-Channel 7*, No. 08-24-00330-CV, 2024 WL 4333180, at *3 (Tex. App.—El Paso Sept. 27, 2024, orig. proceeding) (mem. op.) (concluding that relator was not entitled to mandamus relief where it did not comply with Rule 52.3(h)); *In re Searcy*, 725 S.W.3d 717, 717 (Tex. App.—Dallas 2025, orig. proceeding) (mem. op.) (requiring "exceptionally strict compliance" with Rule 52.3(j)).

Relator's petition also fails to establish entitlement to mandamus relief. Relator's petition asserts the trial court has entered a final judgment. Thus, to the extent she seeks relief from a final decree of divorce, or any interlocutory order entered prior to the final decree, she fails to

demonstrate she lacks an adequate remedy by appeal.[1] *See e.g.*, *Wilkins v. State Farm Mut. Auto. Ins. Co.*, 58 S.W.3d 176, 182 (Tex. App.—Houston [14th Dist.] 2001, no pet.) ("An order, even if interlocutory, is nevertheless final and appealable if it has merged into a subsequent order which, by its nature, is a final, appealable order.").

As a final matter, we note the appendix and mandamus record of this proceeding contain unredacted sensitive data, including the full name, birthdate, and social security number of a minor child, in violation of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 9.9. Because these filings include prohibited sensitive data, we strike the appendix and mandamus record on file with the Court. Tex. R. App. P. 9.4(k).

For all these reasons, we deny Relator's petition for writ of mandamus. Tex. R. App. P. 52.8(a). We dismiss any pending motions as moot.

GINA M. PALAFOX, Justice

March 23, 2026

Before Salas Mendoza, C.J., Palafox and Soto, JJ.

---

[1] Relator has filed a direct appeal from the final decree of divorce, which is currently pending in this Court in cause No. 08-26-00095-CV.